**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVA MARIA DURAN-CONRADO, | No.   17-73445 |
| Petitioner, | Agency No. A208-163-456 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2020[**]
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[***]
District Judge.

Eva Maria Duran-Conrado, a native and citizen of El Salvador, petitions for

review of an order of the Board of Immigration Appeals (BIA) affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

decision of an immigration judge (IJ) denying her claims for asylum, withholding of removal, and CAT relief.[1]  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.     Substantial evidence supports the BIA's determination that Duran-Conrado failed to establish that she was or would be persecuted by gang members because she was a "woman in El Salvador."[2]  Substantial evidence supports the BIA's conclusion that gang members did not just target women, but rather targeted *all* business owners who the gang perceived had money, and persecuted those who failed to pay the gang's extortion money.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  Because Duran-Conrado points to no evidence in the record that would compel a contrary conclusion, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), Duran-Conrado's asylum and withholding of removal claims fail.

2.     Substantial evidence supports the BIA's determination that Duran-Conrado is not eligible for CAT relief.  *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193, 1195

---

[1] Duran-Conrado's daughter is a derivative applicant.

[2] The BIA assumed that Duran-Conrado's proposed social group—"women of El Salvador"—was cognizable; Duran-Conrado did not allege any other protected ground as a basis for asylum.

(9th Cir. 2003).  On this record, she has not shown a clear probability of torture if removed to El Salvador by either government officials or private actors with government acquiescence.  *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION FOR REVIEW DENIED.**